**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **LE PLACE OF JEFFERSON, A LOUISIANA** | * | |
| **PARTNERSHIP IN COMMENDAM, DBA** | * | **CIVIL ACTON** |
| **JEFFERSON PLACE APARTMENTS** | * | **NO.  2:22-cv-04559** |
| | * | |
| **VERSUS** | * | |
| | * | |
| **CERTAIN UNDERWRITERS AT LLOYD'S,** | * | **JUDGE:  SUSIE MORGAN** |
| **LONDON, INDIAN  HARBOR INSURANCE** | * | |
| **COMPANY, QBE SPECIALTY INSURANCE** | * | |
| **COMPANY,  STEADFAST INSURANCE** | * | |
| **COMPANY, GENERAL SECURITY** | * | **MAGISTRATE JUDGE:** |
| **INDEMNITY COMPANY OF ARIZONA,** | * | **MICHAEL NORTH** |
| **UNITED SPECIALTY INSURANCE** | * | |
| **COMPANY,  LEXINGTON INSURANCE** | * | |
| **COMPANY, SAFETY SPECIALTY** | * | |
| **INSURANCE COMPANY, HDI GLOBAL** | * | |
| **SPECIALTY SE, AND OLD REPUBLIC** | * | |
| **UNION INSURANCE COMPANY** | * | |

**REPLY MEMORANDUM IN SUPPORT OF**
**MOTION TO COMPEL ARBITRATION AND STAY LITIGATION**

**MAY IT PLEASE THE COURT:**

Plaintiff's Opposition to Defendants' Motion to Compel Arbitration concedes the existence of the Arbitration Clause found within the Account Policy and makes no direct challenge to its enforceability other than to contend that New York is an "unreasonable" forum for arbitration, and to suggest that the entire Account Policy was not "freely negotiated".  Neither of these arguments satisfies the Plaintiff's burden in overturning the designation of New York as the seat of arbitration.

As set forth herein, the "unreasonableness' standard does not apply to the situs of arbitration designated in the Arbitration Clause.  Alternately, Plaintiff's objection regarding the cost of arbitration is not sufficient to find that New York is an unreasonable forum.  In addition, Plaintiff's challenge to the formation of the Account Policy must be resolved by the Arbitration Tribunal, rather than this Court.  Alternately, the Plaintiff, having chosen to purchase multiple

policies designating New York as the situs of arbitration, cannot argue that the Account Policy was not "freely negotiated".

<u>**New York is the Proper Forum for Arbitration**</u>

1.  **The *Bremen* "Unreasonableness" Standard Does Not Apply to Arbitration Situs Disputes**

Plaintiff's primary argument, that arbitration in New York would be "unreasonable", is not relevant to this Court's inquiry on compelling arbitration.  The Fifth Circuit has held that the "unreasonable" standard enunciated in *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15, 92 S. Ct. 1907 (1972) does not apply to the enforcement of forum selection clauses contained within arbitration agreements.  In *Sam Reisfeld & Son Imp. Co. v. S. A. Eteco*, 530 F.2d 679 (5th Cir. 1976), a plaintiff, based in New Orleans, sought to avoid arbitration in Belgium on the grounds that the forum was unreasonable and would cause the plaintiff considerable inconvenience and expense.  Plaintiff, citing *Bremen*, sought to have the arbitration clause voided or modified to provide for arbitration in another forum.  The Fifth Circuit rejected the application of the *Bremen* "unreasonable" standard to matters of arbitration arising under the Federal Arbitration Act[1]:

> Reisfeld's attack falters on its initial premise that the *Bremen* unreasonableness test is applicable to arbitration clauses. Rather, we agree with the district court that the enforceability of the arbitration clause at issue is governed exclusively by the explicit provisions of the Federal Arbitration Act. 9 U.S.C. §§ 1-14. Under the Act, a party seeking to avoid arbitration must allege and prove that the arbitration clause itself was a product of fraud, coercion, or "such grounds as exist at law or in equity for the revocation of any contract."  . . . Since *Bremen* is inapplicable, the district court did not need to reach the question of whether the selection of Coutrai was unreasonable under the circumstances here presented.

*Id.* at 680-681.

---

[1] The Convention Act, under which Defendants have moved to compel arbitration, is part of the FAA, and the provisions of the FAA apply to Convention arbitration to the extent that they are not inconsistent.  9 U.S.C. 208; *Todd v. S.S. Mut. Underwriting Ass'n (Berm.) Ltd.*, 601 F.3d 329, 332 (5th Cir. 2010) ("The Convention's implementing legislation incorporates the entire FAA, at least to the extent that the FAA does not conflict with the Convention.").

In *Nat'l Iranian Oil Co. v. Ashland Oil,* 817 F.2d 326 (5th Cir. 1987), the Fifth Circuit emphasized that alleged "unreasonableness" would not defeat a forum selection provision in an arbitration clause:

> But the forum selection clause at issue in *The Bremen* did not relate to the choice of *situs* in an arbitral proceeding, rather it related to the parties' contractual choice of arbitration as opposed to litigation to resolve its disputes. Thus, in *Sam Reisfeld & Son Import Co. v. S.A. Eteco*, 530 F.2d 679 (5th Cir. 1976), we held that the test in *The Bremen* was inapposite respecting the enforcement of the choice of situs expressed in an arbitration agreement. In *Reisfeld*, a U.S. company argued that a forum selection clause designating Belgium as the situs of arbitration should not be enforced because "it is so unreasonable that it either vitiates the arbitration clause altogether or requires a transfer to a more neutral situs." *Id.* at 690-81. We held that the forum selection clause contained in an arbitration provision must be enforced, even if unreasonable. A forum selection clause establishing the situs of arbitration must be enforced unless it conflicts with an "explicit provision of the Federal Arbitration Act." *Id.* at 680-81.
>
> > Under the Act, a party seeking to avoid arbitration must allege and prove that the arbitration clause itself was a product of fraud, coercion, or "such grounds as exist at law or in equity for the revocation of the contract."
>
> NIOC does not assert that it has been a victim of fraud or coercion, and its assertion of inconvenience or impossibility fails as a "legal ground" for vitiating the freely chosen forum selection clause.

*Id.* at 332.

Plaintiff has not alleged fraud or coercion, or any of the grounds contemplated by the FAA as grounds to overturn the forum designation provision of the Arbitration Clause.  Arbitration in New York should be ordered.

**2. In The Alternative, Plaintiff Has Not Met Its Heavy Burden in Overturning the Forum Provision of the Arbitration Clause**

Plaintiff's primary complaint regarding the "unreasonableness" of New York as the forum for arbitration is the anticipated cost of travelling to, and staying in, New York.  However, this objection does not meet Plaintiff's burden of making a "strong showing" in opposing New York

3

as the forum for arbitration. *Bremen, supra* at 15. ("Thus, in the light of present-day commercial realities and expanding international trade we conclude that the forum clause should control absent a strong showing that it should be set aside.") *Havard v. Offshore Specialty Fabricators, LLC*, No. 14-824, 2019 U.S. Dist. LEXIS 201884, at *7 (E.D. La. Nov. 21, 2019); *St. Tammany Par. Sch. Bd. v. Siemens Indus.*, No. 14-1881, 2014 U.S. Dist. LEXIS 125072, at *2 (E.D. La. Sep. 8, 2014).

Financial hardship does not suffice to meet Plaintiff's "heavy burden" in overturning New York as the situs of arbitration.

> Financial hardship is not enough to render a prima facie valid forum selection clause unenforceable. And he offers no other *Bremen* factors that might persuade the Court to invalidate the forum selection clause. The plaintiff fails to make the clear showing required to overcome the presumption of the forum selection clause's enforceability. . .
>
> "Plaintiff cannot embrace the contract when it works to his benefit and repudiate the contract when it works to his detriment."*Authenment*, 878 F. Supp. 2d at 681. Although arbitrating in London may be inconvenient for the plaintiff, he has failed to carry his heavy burden to persuade the Court that enforcing the forum selection clause is unreasonable.

*Havard*, *supra* at *10. *See also McQuillan v. Norwegian Cruise Line*, No. 14-1195, 2014 U.S. Dist. LEXIS 146970, at *11-12 (E.D. La. Oct. 14, 2014) ("Although plaintiff's cost of litigation may be higher in Florida than in Louisiana, that factor alone is not enough to invalidate the forum selection clause."). Moreover, the Fifth Circuit has held that technological advances, such as video conferencing, can significantly reduce the cost of proceedings by allowing many witnesses to participate electronically. *Calix-Chacon v. Glob. Int'l Marine, Inc*., 493 F.3d 507, 515 (5th Cir. 2007).

As discussed below, Plaintiff should have been well aware, at the time that it purchased the Account Policy, that arbitration in New York would be required. Plaintiff could have avoided

this expense, and any other associated inconvenience, by simply not purchasing the policy from the Defendants. *Atlantic Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 582, 187 L. Ed. 2d 487 (2013) ("'[W]hatever 'inconvenience' [the parties] would suffer by being forced to litigate in the contractual forum as [they] agreed to do was clearly foreseeable at the time of contracting.'"); *Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 397-98 (5th Cir. 2006) ("[T]he Browns . . . could have avoided arbitration by not engaging Smith Barney's services. There is nothing exceptional or burdensome about these clauses, and there is no reason to believe that the Browns did not knowingly and willingly accept their terms.").

<u>**The Policy was Freely Negotiated**</u>

**1.  Plaintiff's Challenge to the Formation of the Account Policy Must be Resolved by the Arbitration Tribunal**

Plaintiff, which has sued Defendants for breach of contract (the Account Policy), appears to challenge the validity of the formation of the Account Policy.  At pages 5-6 of its Opposition, Plaintiff claims that there was a disparity in the sophistication of the parties, and that the Plaintiff had no opportunity to negotiate the terms of the Account Policy.  In support of these assertions, Plaintiff made exhibits of the affidavits of Donald Jones (Doc. 17-2) and Amos Kilgore Gordon (Doc. 17-3).  Neither affidavit provides any information regarding the sophistication of the Plaintiff, and both affidavits make conclusory claims that the Plaintiff had no opportunity to negotiate "the terms and conditions of the insurance policy at issue."  Neither affidavit makes mention of the arbitration clause.

As a matter of law, when a challenge is made to the validity of the Account Policy as a whole, that dispute must be resolved by the Arbitration Tribunal.  *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449, 126 S. Ct. 1204, 1210 (2006) ("We reaffirm today that, regardless of whether the challenge is brought in federal or state court, a challenge to the validity of the

5

contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator");
*Brown v. Pac. Life Ins. Co., supra* at 396-97 (5th Cir. 2006) ("[Plaintiffs] do not distinguish between their attacks on the validity of the client agreements and the arbitration clauses themselves. . . . Where claims of error, fraud, or unconscionability do not specifically address the arbitration agreement itself, they are properly addressed by the arbitrator, not a federal court.").

**2. Plaintiff Knew, or Should Have Known, About The New York Arbitration Requirement**

The Account Policy (Doc. 15-2) was one of a series of policies which Plaintiff purchased and renewed through AmRisc, the Program Manager, which required that all matters in difference be arbitrated in New York.[2]

In addition to the Account Policy, Plaintiff also purchased the following policies through AmRisc, each of which required arbitration in New York:

- Account No. 350840 (Exhibit "1").  Effective dates: 9/4/2015-9/4/2016
  Arbitration Clause at p. 32 of the PDF.

- Account No. 417720 (Exhibit "2").  Effective dates:  9/4/2016-9/4/2017
  Arbitration Clause at p. 32 of the PDF.

- Account No 513555 (Exhibit "3").  Effective dates:  9/4/2017-9/4/2018
  Arbitration Clause at pp. 35-36 of the PDF.

- Account No 594480 (Exhibit "4").  Effective dates:  9/4/2018-9/4/2019
  Arbitration Clause at pp. 35-36 of the PDF.

There is no question that Plaintiff was aware, after purchasing four successive policies, that the insurance obtained from the Defendants through AmRisc would require arbitration in New York.  "An insured party is generally responsible for reading his policy, and he is presumed to

---

[2] AmRisc, as the Program manager, or cover holder, is not an insurer but issues the Account Policy on behalf of the Defendants.

know its provisions." *Dobson v. Allstate Ins. Co.,* No. 06-252, 2006 U.S. Dist. LEXIS 55832, at *24-25 (E.D. La. July 21, 2006).

It should be noted that the Account Policy (Doc. 15-2) had effective dates of September 4, 2020 to September 4, 2021.  A full year elapsed between the issuance of Policy No. 594480 (Exhibit "4") and the Account Policy.  In that interval, Plaintiff obtained insurance from a different insurer.  After leaving the AmRisc market to procure insurance elsewhere, Plaintiff returned to AmRisc for the Account Policy, notwithstanding the requirement of New York Arbitration. Because Plaintiff chose to purchase a fifth policy through AmRisc containing a requirement of New York arbitration, Plaintiff cannot argue that the Policy and the Arbitration Clause were not freely negotiated.[3]

Plaintiff has failed to carry its heavy burden in overturning New York as the seat of arbitration.  Defendants' Motion to Compel Arbitration should be granted and the parties should be ordered to arbitration in New York.

---

[3] Even if not negotiated, the designation of New York as the seat of arbitration is enforceable.  In the matter of *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 111 S. Ct. 1522 (1991), the Supreme Court held that a forum-selection clause which compelled two Washington plaintiffs to litigate in Florida was not unreasonable, and was enforceable even though it was not the product of negotiation:

> As an initial matter, we do not adopt the Court of Appeals' determination that a nonnegotiated forum-selection clause in a form ticket contract is never enforceable simply because it is not the subject of bargaining. Including a reasonable forum clause in a form contract of this kind well may be permissible for several reasons: First, a cruise line has a special interest in limiting the fora in which it potentially could be subject to suit. Because a cruise ship typically carries passengers from many locales, it is not unlikely that a mishap on a cruise could subject the cruise line to litigation in several different fora. See *The Bremen*, 407 U.S., at 13, and n. 15; *Hodes*, 858 F. 2d, at 913. Additionally, a clause establishing *ex ante* the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended, sparing litigants the time and expense of pretrial motions to determine the correct forum and conserving judicial resources that otherwise would be devoted to deciding those motions. See *Stewart Organization*, 487 U.S., at 33 (concurring opinion). Finally, it stands to reason that passengers who purchase tickets containing a forum clause like that at issue in this case benefit in the form of reduced fares reflecting the savings that the cruise line enjoys by limiting the fora in which it may be sued**.**

Respectfully submitted,

**ADAMS HOEFER HOLWADEL, LLC**

 _/s/    Phillip J. Rew_
**BRUCE R. HOEFER, JR. (#6889)**
**Email:  brh@ahhelaw.com**
**D. RUSSELL HOLWADEL (#16975) T.A.**
**Email:  drh@ahhelaw.com**
**PHILLIP J. REW (#25843)**
**Email:  pjr@ahhelaw.com**
400 Poydras Street, Suite 2450
New Orleans, Louisiana  70130
Telephone:     (504) 581-2606
Facsimile:      (504) 525-1488
***Attorneys for all insurers subscribing to Account Policy No. 767025: Certain Underwriters at Lloyd's, London, severally subscribing to Certificate No. AMR-71289, Indian Harbor Insurance Company, Lexington Insurance Company, QBE Specialty Insurance Company, Steadfast Insurance Company, United Specialty Insurance Company, General Security Indemnity of Arizona, Safety Specialty Insurance Company, HDI Global Specialty SE, and Old Republic Insurance Company***

## CERTIFICATE OF SERVICE

I certify that on this 4th day of January 2023, the undersigned electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

_____ /s/ Phillip J. Rew_____
**PHILLIP J. REW**

8