## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LE PLACE OF JEFFERSON,** | **CIVIL ACTION** |
| **A LOUISIANA PARTNERSHIP IN** | |
| **COMMENDAM, DBA JEFFERSON** | |
| **PLACE APARTMENTS,** | |
| **Plaintiffs** | |
| | |
| **VERSUS** | **No. 22-4559** |
| | |
| **CERTAIN UNDERWRITERS AT** | **SECTION "E"** |
| **LLOYD'S LONDON, ET AL.,** | |
| **Defendants** | |

## ORDER AND REASONS

Before the Court is Defendants'[1] motion to compel arbitration and stay the proceedings.[2] Plaintiff filed an opposition.[3] Defendants filed a reply.[4] For the reasons set forth below, the motion is **GRANTED**.

## BACKGROUND

This dispute arises out of damage to Plaintiff's property as a result of Hurricanes Zeta and Ida, which made landfall, respectively, on October 28, 2020, and August 29, 2021.[5] Plaintiff brought suit against Defendants in the 24th Judicial District Court for the State of Louisiana.[6] Defendants removed this suit to federal court on November 17, 2022,[7] whereby this matter was automatically placed in the Hurricane Ida Case Management

---

[1] The Defendants in this matter are Certain Underwriters at Lloyd's, London, several subscribing to Certificate No. AMR-71289; Indian Harbor Insurance Company; QBE Specialty Insurance Company; Steadfast Insurance Company; General Security Indemnity Company of Arizona; United Specialty Insurance Company; Lexington Insurance Company; Safety Specialty Insurance Company; HDI Global Specialty SE; and Old Republic Union Insurance Company.
[2] R. Doc. 15.
[3] R. Doc. 17.
[4] R. Doc. 20.
[5] R. Doc. 15-1 at p. 2.
[6] R. Doc. 1.
[7] *Id.*

2:22-cv-04559-SM-MBN   Document 22   Filed 01/20/23   Page 2 of 5

Order.[8] On November 23, 2022, Defendants filed a motion to opt out of the streamlined settlement program in the CMO, which was referred to Magistrate Judge North.[9] On December 8, 2022, Defendants also filed the instant motion to compel arbitration and stay proceedings.[10] On January 12, 2023, Judge North granted Defendants' motion to opt out for the limited and sole extent necessary for them to pursue the instant motion to compel arbitration and stay proceedings.[11] Accordingly, the Court finds the instant motion is ripe for review.

## LEGAL STANDARD

"Arbitration is a substitute for litigation whose purpose is to settle the parties' differences in a fast, inexpensive manner and in a tribunal chosen by them."[12] "When a party to a lawsuit claims that the matter is subject to arbitration, it must be determined whether there is a valid agreement to arbitrate between the parties and whether the dispute falls within the scope of the arbitration agreement."[13]

"Louisiana and federal law explicitly favor the enforcement of arbitration clauses in written contracts."[14] The Louisiana Binding Arbitration Law provides:

> A provision in any written contract to settle by arbitration a controversy thereafter arising out of the contract, or out of the refusal to perform the whole or any part thereof, or an agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.[15]

---

[8] R. Doc. 4.
[9] R. Doc. 8.
[10] R. Doc. 15.
[11] R. Doc. 21.
[12] *Hanlon v. Monsanto Ag Prod., LLC*, 124 So. 3d 535, 539 (citing *Tubbs Rice Dryers, Inc. v. Martin*, 33 So.3d 926 (La. Ct. App. 2 Cir. 2010).
[13] *Id.*
[14] *Duhon v. Activelaf, LLC*, 2016-0818 (La. 10/19/16).
[15] La. R.S. 9:4201.

Ordinary state-law principles that govern the formation of contracts are applied when deciding whether the parties agreed to arbitration.[16] "Louisiana law does not require that [a] written arbitration agreement be signed by the parties."[17] "Any doubt as to whether a controversy is arbitrable should be resolved in favor of arbitration."[18]

## LAW AND ANALYSIS

Defendants seek to compel arbitration and stay the proceedings.[19] Plaintiff concedes that an arbitration clause is binding on the parties and covers the instant dispute.[20] Rather, Plaintiff argues only that the arbitration should take place in Louisiana, rather than in New York, as required by the arbitration clause.[21]

Plaintiff asks this Court to rule that the seat of arbitration should be in Louisiana. In support of its argument, Plaintiff contends "[r]equiring Le Place to arbitrate in New York is unreasonable and will be so gravely difficult and inconvenient that Le Place may for all practical purposes be deprived of its day in court."[22] Plaintiff argues the additional costs afforded by being required to arbitrate in New York, which it estimates to be in upwards of $2,500, are prohibitive and unreasonable.[23]

In so arguing, Plaintiff distinguished this case from *M/S Bremen v. Zapata Off-Shore Co.*,[24] in which the United States Supreme Court held:

> Of course, where it can be said with reasonable assurance that at the time they entered the contract, the parties to a freely negotiated private international commercial agreement contemplated the claimed

---

[16] *Duhon v. Activelaf, LLC*, 2016-0818 (La. 10/19/16).
[17] *Id.* (citing *Marino v. Dillard's, Inc.*, 413 F.3d 530, 532 (5th Cir. 2005)).
[18] *Woodson Const. Co. v. R.L. Abshire Const. Co.*, 459 So. 2d 566, 569 (La. Ct. App. 1984) (citing *United Steelwks. of Am. v. Warrior and Gulf N. Co.*, 363 U.S. 574 (1960); *American Dairy Queen Corp. v. Tantillo*, 536 F. Supp. 718 (M.D. La. 1982)).
[19] R. Doc. 15.
[20] R. Doc. 17 at p. 2.
[21] *Id.*
[22] *Id.* at p. 4.
[23] *Id.* at pp. 4-5.
[24] 407 U.S. 1 (1972).

inconvenience, it is difficult to see why any such claim of inconvenience should be heard to render the forum clause unenforceable.[25]

Instead, Plaintiff argues the policy was not a freely negotiated contract between two sophisticated parties with respect to which the forum should be respected.[26] "Le Place did not have an opportunity to negotiate any of the provisions of the Policy," it contends, "particularly the arbitration provision or the forum selection clause."[27]

"The Supreme Court has held that courts may generally set aside forum-selection clauses where enforcement would be 'unreasonable.'"[28] "However, in several cases culminating in *Nat'l Iranian Oil Co. v. Ashland Oil, Inc.*, [the United States Court of Appeals for the Fifth Circuit] has applied a heightened standard to *arbitration*-forum clauses in particular."[29] "Under *Nat'l Iranian Oil*, a 'forum selection clause establishing the situs of arbitration must be enforced unless it conflicts with an explicit provision of the Federal Arbitration Act.'"[30] "'Under the Act, a party seeking to avoid arbitration must allege and prove that the arbitration clause itself was a product of fraud, coercion, or such grounds as exist at law or in equity for the revocation of the contract.'"[31] Moreover, "the complaining party must not have had reason to know about the complained-of conditions at the time of the contract."[32]

While the Court is sympathetic to Plaintiff's position, Plaintiff has not carried its burden to avoid arbitration in New York. As discussed above, under Fifth Circuit precedent, Plaintiff's reliance on the Supreme Court's decision in *Bremen* is misplaced.

---

[25] R. Doc. 17 at pp. 5-6.
[26] *Id.* at p. 6.
[27] *Id.*
[28] *Northup Grumman Ship Systems, Inc. v. Ministry of Defense of Rep. of Venezuela*, 575 F.3d 491, 503 (5th Cir. 2009) (citing *Bremen*, 407 U.S. at 10-11).
[29] *Id.* (quoting *Nat'l Iranian Oil Co. v. Ashland Oil, Inc.*, 817 F.2d 326, 332 (5th Cir. 1987).
[30] *Id.* (quoting *Nat'l Iranian Oil Co. v. Ashland Oil, Inc.*, 817 F.2d 326, 332 (5th Cir. 1987).
[31] *Id.* (quoting *Nat'l Iranian Oil Co. v. Ashland Oil, Inc.*, 817 F.2d 326, 332 (5th Cir. 1987).
[32] *Id.*

Instead, Plaintiff must demonstrate "the arbitration clause itself was a product of fraud, coercion, or such grounds as exist at law or in equity for the revocation of the contract."[33] Plaintiff has utterly failed to do so. Plaintiff has made no allegations of fraud or coercion, nor has Plaintiff demonstrated that it did not *know of* the arbitration situs clause when it obtained the policy. Put simply, Plaintiff has failed to demonstrate any grounds upon which this Court could excuse Plaintiff from the forum selection clause.

## CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' motion to compel arbitration and stay proceedings is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter be stayed pending the outcome of arbitration between the parties.

**New Orleans, Louisiana, this 20th day of January, 2023.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[33] *Id.* (quoting *Nat'l Iranian Oil Co. v. Ashland Oil, Inc.*, 817 F.2d 326, 332 (5th Cir. 1987).